```
             UNITED STATES DISTRICT COURT
                       FOR THE
                 DISTRICT OF VERMONT
```

John Rishar,                          :
                                      :
        Plaintiff,                    :
                                      :
    v.                                :    Case No. 1:14-cv-00032-jgm
                                      :
United States Government,             :
et al.,                               :
                                      :
        Defendants.                   :

OPINION AND ORDER
(Doc. 1)

*Pro se* plaintiff John Rishar moves to proceed *in forma paurperis* against the United States Government, the State of Vermont, the Commonwealth of Pennsylvania, the State of Michigan, the State of New Jersey, the State of New York, the Commonwealth of Massachusetts, the State of Ohio, the Commonwealth of Virginia, and "their parties [and] privies." (Docs. 1 and 1-2.) Rishar's proposed Complaint alleges "interference with my personal profession" and unnamed "Constitutional violations" but does not allege any set of facts in support of these claims (Doc. 1-2 at 3.)  Because the financial affidavit in support of the motion meets the requirements of 28 U.S.C. § 1915(a), the motion for leave to proceed *in forma pauperis* is GRANTED.  However, for the reasons set forth below, this case is DISMISSED.

## Discussion

Rishar's four-page proposed Complaint states, "I sue the defendants [f]or interference with my personal profession (Foundation Press Torts Book) [and] Constitutional violations." (Doc. 1-2 at 3-4.)  Under the heading, "Jurisdictional Averments," Rishar also alleges, "[t]he defendants have caused harm to the plaintiff in their respective jurisdictions involving state action [and] subject matter jurisdiction."  (Doc. 1-2 at 2.)  The proposed Complaint does not specify the form of relief sought by Rishar.

*Pro se* filings are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).  However, a district court may dismiss a case if it determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court also has inherent authority to dismiss a case that presents no meritorious issue.  See <u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363-64 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* even where plaintiff paid filing fee); <u>Pillay v. Immigration & Naturalization Serv.</u>, 45 F.3d 14, 17 (2d Cir. 1995) (court has "inherent authority" to dismiss petition that presents "no arguably meritorious issue").

Federal Rule of Civil Procedure 8(a) requires a pleading stating a claim for relief to provide "a short plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought...." Fed. R. Civ. P. 8(a)(2)-(3).  A plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

Here, Rishar's proposed Complaint provides no factual basis for his claims, nor does it state any demand for

relief.  Furthermore, the proposed Defendants, which include the United States Government and several U.S. States, are immune from suit under the doctrine of sovereign immunity as a general rule.  See United States v. Mitchell, 463 U.S. 206, 212 (1983) (United States may not be sued without its consent) and Edelman v. Jordan, 415 U.S. 651, 663 (1974) (Eleventh Amendment sovereign immunity bars suits against states by its own citizens or citizens of another state).  For all of these reasons, the Court concludes that Rishar's proposed Complaint fails to state a claim on which relief can be granted.

   District courts generally should not dismiss a *pro se* complaint without granting leave to amend.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).  However, the court finds that granting leave to amend the proposed Complaint would be futile.  *See id.* ("The problem with [plaintiff's] causes of action is substantive; better pleading will not cure it.  Repleading would thus be futile.  Such a futile request to replead should be denied.")  Therefore, the proposed Complaint is DISMISSED.

CONCLUSION

For the reasons set forth above, upon conducting the review required under 28 U.S.C. § 1915(a)(1) and 1915(e)(2)(B), Rishar's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED, and this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 10th of March, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge